(172 App. Div. 630)

### In re UNIVERSITY AVE. IN CITY OF ROCHESTER.

### ROCHESTER LAST WORKS v. CITY OF ROCHESTER et al.

(Supreme Court, Appellate Division, Fourth Department.  April 19, 1916.)

MUNICIPAL CORPORATIONS ⬤⟷402(3)—PUBLIC IMPROVEMENTS—ASSESSMENT OF DAMAGES—NOTICE.

The charter of the city of Rochester (Laws 1907, c. 755) provides, by section 437, that the council shall acquire any necessary lands for improvements, that if the city cannot agree with the owners upon the damage the corporation counsel shall cause notice for ten days of the time and place when application will be made for the appointment of commissioners to fix compensation, and file ten days' notice of the hearing thereon. Section 438 authorizes the court to cause new parties to be served with notice and direct the manner of service thereof. Held, that the city's six-day notice of motion, made after an order had been made dismissing the proceeding as to an owner, and after the owner had been again brought into the County Court upon an order to show cause and made a party, for the appointment of commissioners to assess damages for opening a street, was sufficient to authorize the County Court to appoint commissioners, as the owner was in effect a new party, and as the court's order in legal effect approved such notice, though the statutory requirement that the court should direct how service should be made was not complied with.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 972; Dec. Dig. ⬤⟷402(3).]

Appeal from Monroe County Court.

Proceeding by the City of Rochester to acquire certain lands for the opening and extension of University Avenue, in such city, against the Rochester Last Works and others. From an order of the County Court, entered in the clerk's office, overruling the objections of the Rochester Last Works to the sufficiency of the notice served upon it, and appointing commissioners to appraise the damages which the owners of the land sought to be taken would severally sustain, and the compensation which they would severally be entitled to receive, the Rochester Last Works appeals. Order affirmed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Henry R. Glynn, of Rochester, for appellant.

Albert L. Shepard and William W. Webb, Corp. Counsel, both of Rochester, for respondent.

FOOTE, J.  By this proceeding the city of Rochester seeks to extend University avenue, in that city, from its present terminus about

900 feet to Blossom Road, and to acquire the necessary lands for that purpose, which are owned in part by the appellant and the remainder by two other individual owners. The charter of the city of Rochester authorizes the city to take lands for such purpose and prescribes the procedure, which, in brief, is that the common council shall by resolution determine to make the improvement and acquire the necessary lands for that purpose. In case the city authorities are unable to agree with the landowners upon the compensation or damage to be paid them, then the corporation counsel is required, after filing a map of the property to be taken, to cause notice to be published for at least ten days specifying the real property to be acquired and specifying the time and place when application will be made to the County Court of Monroe county or to the Supreme Court for the appointment of commissioners to ascertain and determine such compensation. The corporation counsel is also required, at least ten days before the time named for hearing such application, to cause notice to be served upon each of the owners.

That procedure was followed in this case. On the return day of the notice in County Court the appellant, the Rochester Last Works, appeared specially by counsel and objected to the court making the order appointing commissioners on several grounds, among others that the city had made no effort to agree with it as to the compensation or damage it should receive. This objection was held to be good. All other objections were overruled, and an order was made dismissing the proceeding as to the Rochester Last Works. This order was made on September 18, 1914. Thereafter negotiations seem to have been had between the representatives of the city and the Rochester Last Works, which failed to result in an agreement as to the amount of its compensation, whereupon, upon an order to show cause, the Rochester Last Works was again brought into the County Court, and an order made on March 23, 1915, making it again a party to the proceeding, and subsequently, and on April 7, 1915, the corporation counsel served upon it a notice of motion for the appointment of commissioners to be heard in the County Court on April 13, 1915. When this motion came on to be heard, the Rochester Last Works appeared specially by its counsel and objected to the jurisdiction of the court, upon the ground that it had not received the required statutory notice of the application. This objection was overruled, and an order made appointing commissioners, from which this appeal is taken.

The sole question presented by the appeal is whether the last-mentioned notice of motion was sufficient to authorize the County Court to make the order appealed from against the objection of the Rochester Last Works. After the proceeding was dismissed as to the Rochester Last Works it was still in the power of the County Court to bring it in again as a party by virtue of section 438 of the city charter (chapter 755, Laws 1907). That section is in part as follows:

"The court has power at any time to amend any defect or informality in any of the special proceedings authorized by this act, including the map and notice aforesaid, as may be necessary or proper; or to cause new parties to be served with notice, and to direct the manner of service thereof as it deems proper, and also to appoint other commissioners in the place of any who die or

refuse or neglect to serve or who are incapable of serving; and such amendment may be made at any stage of the proceeding; * * * and where the mode and manner of conducting all or any of the proceedings to the appraisal are not expressly provided for by this act, the court before whom such proceedings are pending has the power to make all the necessary orders and give the proper directions to carry into effect the object and intent of this act; and the practice in such cases shall conform, as nearly as may be, to the ordinary practice in such court; and the power of amendment is to be exercised as liberally as directed to be exercised by the Code of Civil Procedure by such court in actions."

By the previous section (437) the notice which the corporation counsel is required to give to property owners of the time and place of his application for the appointment of commissioners must be a notice of at least ten days. The claim of appellant's counsel is that that section governs, and that hence six days' notice, which was the only notice given, was irregular and ineffectual. Assuming, however, as is claimed by appellant's counsel, that when the proceeding as to appellant was dismissed, and the subsequent order made again making appellant a party, appellant was in the same situation as if it had not been made a party originally, then I think the notice to which appellant was entitled is that specified in section 438 in the clause, "or to cause new parties to be served with notice, and to direct the manner of service thereof as it deems proper." Appellant was, in effect, a new party. A strict compliance with the statute would require that the court should direct in what manner the notice should be given to appellant. That was not done in this case, but when the matter came to a hearing pursuant to the six days' notice that was given to appellant, and appellant then objected to the sufficiency of the notice, and the court overruled that objection, it would seem that thereby the court in legal effect approved the manner of service of the notice, and as the notice had been served six days before the hearing, whereas the ordinary notice of motion where the attorneys reside in the same city may be served only five days before the hearing, we think the substantial rights of appellant were not prejudiced, and that it should be held that the court, in overruling appellant's objection to the sufficiency of the notice, thereby, in effect, directed that the notice so served was a sufficient notice. It is evident that the provisions of section 437, requiring a ten days' notice and publication in the newspapers, are not applicable to the case of new parties brought in after the provisions of section 437 have been complied with, and that the controlling provision as to such new parties is found in the above-quoted provisions of section 438.

In view of the conclusion thus reached, it seems unnecessary to consider the further question, as to which the authorities are in conflict, as to whether the order is appealable.

The order should be affirmed, with $10 costs and disbursements. All concur.